## Joseph S. Paget *vs.* James M. Cook.

Parol proof of the actual consideration of a sale is admissible, although a bill of sale is executed by the seller, and a bond by the purchaser, as part of the same transaction, if neither of them states the terms and conditions of the sale.

In an action for procuring the arrest and imprisonment of the plaintiff on an execution against him and a former partner, in favor of a third person, but assigned to the defendant, in which there is evidence that the plaintiff had sold out his interest in the firm, and that, as a part of the consideration thereof, the purchaser agreed to indemnify him against all the outstanding debts of the firm, and that the new firm had accordingly paid the execution, it is competent to prove by parol that the defendant authorized the purchaser to make the contracts of purchase and indemnity, as his agent, before the assignment and arrest, for the purpose of showing knowledge on his part that the execution was paid.

Tort for procuring the arrest and imprisonment of the plaintiff upon an execution in favor of H. P. Cochrane against James D. Russell and the plaintiff.

At the trial in the superior court, before *Morton,* J., it appeared that James D. Russell and the plaintiff were formerly partners under the firm of J. D. Russell & Co.; that on the 8th of January 1859, the plaintiff sold his interest in the property and

assets of the partnership to Francis Howard, by a bill of sale in which the consideration expressed was " one dollar and other valuable considerations," receiving back fifty dollars in money, a note signed by Howard and indorsed by the defendant for one hundred and fifty dollars, and a bond of Howard, guaranteed by Russell and the defendant, which is copied in the margin ; * and that the execution on which the arrest was made was issued on the 7th of March following, and assigned by Cochrane to the defendant.

The plaintiff introduced evidence, under objection, of a con versation between Howard and himself, before the transaction between them was completed, to show that he refused to exe- cute the bill of sale until Howard agreed that he should be indemnified and saved harmless from the outstanding debts of

---

* Know all men by these presents, that I, Francis Howard of Roxbury, State of Massachusetts, am holden and stand firmly bound and obliged unto Joseph S Paget of Boston, glass manufacturer, in the full and just sum of one thousand dollars, to be paid unto the said Paget and his executors, administrators and assigns, to which payment well and truly to be made, I bind myself, my heirs, executors and administrators, firmly by these presents. Sealed with my seal. Dated the eighth day of January, in the year of our Lord one thousand eight hundred and fifty-nine. The condition of this obligation is such, that whereas the said Paget has sold to the said Howard all his interest in the property and assets of J. D. Russell & Co., glass manufacturers, and whereas a certain policy of insurance is now holden by Clement Willis for the sum of fifteen hundred dol- lars, upon the buildings and other property formerly owned by J. D. Russell & Co., and which were destroyed by fire, which policy is still outstanding and un- paid, and whereas the proceeds of said policy, when paid, will be applied to the payment of a mortgage upon the property of said J. D. Russell & Co., held by said Willis, and whereas the said Howard has agreed that when said mortgage shall be paid, he will pay, or cause to be paid the amount of a mortgage upon the dwelling-house of said Paget, and the land attached thereto, being nine hun- dred dollars, so that to that extent it shall be discharged and paid ; or that he will furnish to said Paget satisfactory security that the same sum shall be paid to him : now if the said Howard shall, on the payment of said mortgage, discharge said mortgage on said Paget's house and land, attached to the amount of nine hundred dollars, or give such satisfactory security to said Paget, then this obligation shall be void, or else in force.

FRANCIS HOWARD, [L. S.]

J. D. Russell & Co., and that Howard did so agree, as a part of the consideration thereof. The plaintiff contended that the execution had been paid by the new firm, before his arrest, and that the defendant knew this fact when he procured the assignment and arrest; and he was allowed to introduce evidence, under objection, of a conversation between Russell and the defendant, to show that, in buying out the plaintiff's interest in the partnership property and assets, Howard acted as agent of the defendant, and had authority to bind him by the agreement of indemnity.

The verdict was for the plaintiff, and to the rulings of the court admitting the above evidence, the defendant alleged exceptions.

*D. E. Ware*, for the defendant.

*B. Dean*, for the plaintiff.

MERRICK, J. 1. It became material upon the trial to ascertain whether Howard, when he purchased the right and interest of the plaintiff in the property and assets belonging to the firm of J. D. Russell & Co., agreed and promised to indemnify and save him harmless from their outstanding debts. To prove that he did enter into such engagement, and that it constituted in part the consideration of the sale, the plaintiff offered to introduce certain parol evidence tending to establish that fact. The defendant objected to its admission on the ground that the contract of the parties was in writing, and could not be varied or controlled by an oral promise. This is a correct statement of the familiar and established rule in the law of evidence upon the subject. But in all the proofs before the court there was, when the objection was made, no occasion for its application. The only papers which had been read to the jury were the bill of sale and the bond and promissory note of Howard given to the plaintiff. Neither of them purports to be a statement of the terms and provisions of the contract of sale. The parol evidence which was offered by the plaintiff was not intended, nor did it have any tendency, to vary, control or affect the contract set forth in either of those papers. There was another and a different object to which he desired to have it applied. The controversy

between the parties related to the consideration upon which the sale of the plaintiff's right and interest in the property and assets of Russell & Co. was made. He claimed that the consideration consisted in part of the promise and engagement of Howard to indemnify and save him harmless from their outstanding debts. And he sought to introduce the proposed evidence for the purpose of establishing the truth of that proposition as a fact. He had an undoubted right to prove it by any competent evidence; and as that which he offered did not bear upon the written instruments in the case at all, and of course could not, if admitted, control or vary anything contained in them, and was in all other respects competent, the ruling of the court in disallowing the objection made by the defendant was correct.

2. It was further claimed by the plaintiff that, before he was arrested and imprisoned on the execution in favor of Cochrane against himself and J. D. Russell, it had been paid in full by the new firm of Russell & Co., and that this was well known to the defendant, both when he procured an assignment to be made of it to himself and when he caused the plaintiff to be arrested upon it. To prove that he had such knowledge, the plaintiff, assuming that the fact of payment as alleged was satisfactorily shown by the proofs adduced, but not reported in the bill of exceptions, offered to introduce evidence of what was said in conversation between him and Russell, for the purpose of showing that Howard, in buying out the plaintiff's interest in said firm, was acting in fact as his agent and had authority to bind him by a promise of indemnity against their outstanding debts. The admission of this evidence was objected to on the alleged ground that its effect was to vary or control the written contract or agreement of the parties. But this was not the purpose for which it was offered; nor could it, if received, have had any such effect. It was offered because the fact, if established by it, would have some tendency to show that the defendant must have known of the payment of said execution if it had been made as was alleged. For if he availed himself of the sale through the agency of Howard, and thereby became a partner in the new firm of Russell & Co., he would, in the ordinary

course of business, become conversant with their affairs, and therefore would probably have known of the payment and discharge of the execution. Especially would he be likely to have such knowledge concerning this particular transaction, in relation to which he had, by a special agreement of his own, assumed an important personal responsibility. The conversation with Russell upon this subject was therefore admissible. The testimony offered had nothing to do with any written instrument in the case, or with any bargain made by the parties in the purchase and sale of the plaintiff's interest in the property and assets of the old firm of Russell & Co.; but, being competent for the purpose for which it was offered, the plaintiff was entitled to the benefit of it. The objection of the defendant to its admission was therefore rightly overruled.

*Exceptions overruled.*